G. W. WEST and J. M. FARMER v. M. B. L. GORDON.

STAYOR. *Tender.* The stayor of a justice's judgment is entitled to have the execution thereon superseded and quashed, where the principal debtor has made a legal tender of the amount due to the judgment creditor, who refused to receive it, and this without bringing the money tendered into court.

### FROM GILES.

Appeal in error from the Circuit Court of Giles county. T. W, TURLEY, Sp. J.

B. F. MATHEWS and E. T. TALIAFERRO for West.

T. M. JONES and Z. W. EWING for Gordon.

COOPER, J., delivered the opinion of the court.

On the 7th of July, 1874, J. M. Farmer recovered two judgments before a justice of the peace against J. J. Latham, one for $73.76, and the other for $21.41. Under written authority from M. B. L. Gordon, the justice at the time signed his name as

West *v.* Gordon.

stayor of the first of these judgments. Afterward, and about the time the stay ran out on both judgments, the justice, at the instance of Geo. W. West, the constable entrusted by the creditor with the collection of these claims, marked Gordon's name as stayor to the other judgment without any authority. Executions issued on both judgments against Latham as principal and Gordon as stayor, after which the justice erased Gordon's name as stayor of the smaller judgment. Both executions were, however, levied on Gordon's property. In the meantime Latham paid West, who had the executions in his hands, $48, directing him to credit the amount on the larger judgment. Instead of entering the credit as directed, West applied a sufficiency of the amount to the satisfaction of the smaller judgment, and only credited the larger judgment with the residue. Afterward Latham tendered the balance due upon the larger judgment, after deducting the $48 in full therefrom, which tender was refused. Thereupon Gordon, by petition setting out these facts, brought the proceedings into the circuit court and asked that the execution be quashed. A motion to dismiss the petition was overruled. The questions of fact were submitted to a jury, who found that there was a valid tender of the balance due on the larger judgment, which was refused, and that Gordon never was the stayor of the smaller judgment. From the judgment rendered upon the verdict that the executions be quashed, and that Gordon recover of the defendants his costs, the defendants appealed in error.

It is conceded that the execution on the smaller judgment was properly quashed. The only point made below, other than contesting the facts before the jury, and again renewed in this court is, that the defense of Gordon is, in effect, a plea of tender, and should have been accompanied by the money brought into. court. The circuit judge charged the jury that the issue was not between the judgment creditor and the principal debtor, but between the creditor and the stayor, and was whether the stayor was released by the refusal of the creditor to accept the offer by the principal to pay the debt in full, and consequently that the rule which requires the money to be filed with a plea of tender was not applicable to the case. Conceding that the defense could be made at law, the charge was correct. The refusal to accept the money of the principal when legally tendered upon a past due debt, is a fraud upon the surety, and will constitute in his favor an equitable defense. *Johnson* v. *Ivey*, 4 Col., 608. The only doubt is whether such a defense can be made at law, and this doubt has been resolved, in this State, in favor of the surety. *Renegar* v. *Thompson*, 1 Lea, 457; *Gillespie* v. *Darwin*, 6 Heis., 21; *Lindsey* v. *Thompson*, 1 Baxter, 466. The eminent judge who delivers the opinion in the case last cited bases the conclusion partly on the statute, Code, sec. 4236, and partly "on the common doctrine of the courts of this country, that every defense which would discharge a surety in equity is recognized as valid by the courts of law." 2 Am. Lead. Cases, 147. Whether the rule is universally

West *v.* Gordon.

true, it is not necessary now to determine. The present case falls clearly within the principle of the previous decisions.

It appears that after the principal debtor had made one tender of the money he placed it in the hands of the defendant in error, who made another tender thereof, which was also refused. It is suggested, rather than argued by counsel, that the defendant in error should be charged with the amount as still in his hands. So far as the record shows, no such point was made in the court below, the evidence not being directed to that end, nor the jury called upon to ascertain the fact. The court below cannot be put in error in that way.

The judgment must be affirmed.